The opinion of the Court was delivered by
Johnson, J.
On the trial of this cause, in the Court below, I was of opinion, that a debt thus created, and charged, was such a subject of book entries, as the plaintiff might prove himself; and that the evidence went to prove no more than the truth of the entries themselves, which, in its effects, gives the party no more security than is found in the uprightness of the party’s conscience. But on the argument of the case here, and from the *views taken by my brethren, I concur in the opinion, that a debt thus created, is not such a subject of book entries, as the plaintiff was competent to prove himself.
The liability of a defendant to pay an open account of a merchant, or shop-keeper, does not arise merely on account of the charge against him, but in consequence of the delivery of the goods to him, or to his servant, or agent, for his use ; or, in other words, it is in respect to the consideration which he has received : so that book entries prove no moré than the delivery of the articles charged. Now, if from these it appears that the’ articles urere delivered to another, and for another’s use, the liability ceases, unless he be liable in respect to some other special contract; and if a merchant or shop-keeper were allowed to make every contract the subject of book entry, and themselves to prove’it, the community would indeed be at their mercy.; for although, as a class, they are entitled to *264 the highest respect and consideration, yet, like every other, there_ may exist among them those, whose consciences would not secure justice to the community. I do not however think, as appears to be insisted in the argument, that the case, as it now appears, is within the statute of frauds, as an undertaking for the debt of another ; for if the facts sworn to, be true, the credit was originally given to the defendant ;• and although, in the absence of any other undertaking, the ward of the defendant was liable, on account of the delivery, yet a preceding undertaking would certainly not come within the statute.
K. L. Simons, for the motion. Hunt, contra.
On the subject of the liability of the defendant, on the ground that these were necessaries furnished the ward,' it is sufficient to remark, that there was no proof; for, although the articles might be of that description, which he would necessarily have occasion to use, it does not follow, that they might not have been superfluous and beyond his means.
I am of opinion that the motion ought to be granted.
*Colcock, Cheves, GaNtt and Richardson, JJ., concurred.